UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

Case:2:19-cr-20548
Judge: Steeh, George Caram
MJ: Stafford, Elizabeth A.
Filed: 08-22-2019 At 01:52 PM
INDI USA VS. MOSLEY (DP)

vs.

VIOLATION: 18 U.S.C. § 666(a)(1)(B)

D-1  MICHAEL MOSLEY,

    Defendant.
_____/

## INDICTMENT

The Grand Jury charges:

## GENERAL ALLEGATIONS

1. At all times relevant to this Indictment, defendant **MICHAEL MOSLEY** was an agent of the City of Detroit, Michigan, in that **MOSLEY** was employed as a police officer, serving in the Detroit Police Department's Major Violators Unit. In that unit, **MOSLEY** was responsible for, among other things, investigating and arresting drug traffickers operating within the city.

2. In the calendar year 2019, the City of Detroit was a local government entity that received federal assistance in excess of $10,000.

1

3. On or about April 3, 2019, **MICHAEL MOSLEY** was part of a team of Detroit police officers who executed a search warrant at the residence of Drug Trafficker A in the City of Detroit. During the execution of the search warrant, police officers discovered approximately two kilograms of heroin, approximately one kilogram of cocaine, and six firearms within the residence.

4. During the investigation at the residence on April 3, 2019, **MICHAEL MOSLEY** took a statement from Drug Trafficker A. In the signed statement, Drug Trafficker A acknowledged that he knowingly possessed the three kilograms of drugs discovered at the residence. **MOSLEY** took possession of the signed statement and a signed advice of rights statement from Drug Trafficker A. **MOSLEY** did not arrest Drug Trafficker A.

5. In the weeks following the execution of the search warrant, **MICHAEL MOSLEY** communicated with Drug Trafficker A. During telephone conversations and in text message exchanges, **MOSLEY** sought information from Drug Trafficker A concerning possible criminal activity involving the distribution of drugs. During a subsequent conversation, Drug Trafficker A offered to pay $15,000 in cash to **MOSLEY** in exchange for **MOSLEY** giving the signed statement back to Drug Trafficker A and for **MOSLEY** not pursuing charges against Drug Trafficker A. In exchange for the cash to **MOSLEY**, Drug Trafficker A told **MOSLEY**, "Alright. And I want that paperwork you made me sign, bro. Your word is bond." The

"paperwork" referenced by Drug Trafficker A was the signed statement wherein Drug Trafficker A admitted to possession of the drugs. In response, **MOSLEY** stated, "Oh, yeah I'm a . . . yeah, yeah once we get that [the cash] I'm a bring you the paperwork you gonna rip it up."

6. On or about May 2, 2019, **MICHAEL MOSLEY** collected $10,000 in cash that had been left for **MOSLEY** by Drug Trafficker A in the backyard of an abandoned house in the City of Detroit.

7. On or about May 23, 2019, **MICHAEL MOSLEY** collected $5,000 in cash that had been left for **MOSLEY** by Drug Trafficker A in the backyard of the abandoned house in Detroit. When **MOSLEY** collected the $5,000 in cash, **MOLSEY** left the original signed copies of Drug Trafficker A's statement and advice of rights form in the backyard of the abandoned house for Drug Trafficker A to retrieve.

## COUNT ONE

(18 U.S.C. § 666(a)(1)(B) – Federal Program Bribery)

**D-1 MICHAEL MOSLEY**

1. The paragraphs of the General Allegations are hereby re-alleged and incorporated by reference in Count One as if fully set forth herein.

2. On or about May 2, 2019, in the Eastern District of Michigan, Southern Division, the defendant, **MICHAEL MOSLEY**, knowingly and corruptly accepted

3

$10,000 in cash from Drug Trafficker A intending to be influenced and rewarded in connection with his official duties regarding a business, transaction, or series of transactions of the City of Detroit, involving $5,000 or more.

All in violation of Title 18, United States Code, Section 666(a)(1)(B).

## COUNT TWO

(18 U.S.C. § 666(a)(1)(B) – Federal Program Bribery)

**D-1   MICHAEL MOSLEY**

1. The paragraphs of the General Allegations are hereby re-alleged and incorporated by reference in Count Two as if fully set forth herein.

2. On or about May 23, 2019, in the Eastern District of Michigan, Southern Division, the defendant, **MICHAEL MOSLEY**, knowingly and corruptly accepted $5,000 in cash from Drug Trafficker A intending to be influenced and rewarded in connection with his official duties regarding a business, transaction, or series of transactions of the City of Detroit, involving $5,000 or more.

All in violation of Title 18, United States Code, Section 666(a)(1)(B).

## FORFEITURE ALLEGATIONS

(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Criminal Forfeiture)

1. The allegations contained in Counts One and Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures

pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. Upon conviction of a violation of Title 18, United States Code, Section 666(a)(1)(B), as set forth in Counts One and Two of this Indictment, the defendant, MICHAEL MOSLEY, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from gross proceeds traceable to the offenses. The United States shall also seek the imposition of a personal forfeiture money judgment against the defendant in an amount of the $15,000 obtained as a result of the defendant's violations of Title 18, United States Code, Section 666(a).

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

THIS IS A TRUE BILL

*s/Grand Jury Foreperson*
GRAND JURY FOREPERSON

MATTHEW SCHNEIDER
United States Attorney

*s/David A. Gardey*
DAVID A. GARDEY
Assistant United States Attorney
Chief, Public Corruption Unit

Dated: August 22, 2019

| United States District Court<br>Eastern District of Michigan | Criminal Case Cover Sheet | Case Number: |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| Companion Case Information | Companion Case Number: |
|---|---|
| This may be a companion case based on LCrR 57.10(b)(4)[1]: | |
| ☐Yes ☑No | AUSA's Initials: |

**Case Title:** USA v. Michael Mosley

**County where offense occurred:** Wayne

**Offense Type:** Felony

Indictment -- no prior complaint

### Superseding Case Information

**Superseding to Case No:** _____     **Judge:** _____

**Reason:**

| Defendant Name | Charges | Prior Complaint (if applicable) |
|---|---|---|

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case

August 22, 2019
Date

David A. Gardey
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
david.gardey@usdoj.gov
(313) 226-9591
Bar #: P48990

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated